MURDOCK, Justice
(concurring in the result).
“There is no area of the law which is more confusing than qualified immunity, unless it is that of deliberate indifference.”
Judge Robert Propst

Flowers v. Bennett,

123 F.Supp.2d 595, 601
(N.D.Ala.2000).
Before conducting research in an effort to understand the issue presented in the present case, my vote for the most confusing area of the law likely would have gone to that area of Alabama state law dealing with “sovereign immunity” (or at least to the manner in which this Court has sometimes applied that law). See generally Alabama Dep’t of Transp. v. Harbert Int'l, Inc., 990 So.2d 831, 847 (Ala.2008) (Murdock, J., concurring specially) (addressing so-called “State immunity”); Ex parte Randall, 971 So.2d 652, 669 (Ala.2007) (Murdock, J., dissenting) (addressing so-called “State-agent immunity”). After reading quite a number of federal cases dealing with Eleventh Amendment immunity, however, I am now amenable to the suggestion that Judge Propst has identified more deserving candidates.
The United States Supreme Court has stated that the issue of qualified immunity turns on two questions: (1) whether the defendant was performing a discretionary function and (2) whether the defendant’s conduct violated clearly established statutory or constitutional rights. As the Court held in Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982): “[Gjovernment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have *995 known.” The latter question, itself, has been examined in two parts: (a) “ ‘[tjaken in the light most favorable to the party-asserting the injury, do the facts alleged show the officer’s conduct violated a constitutional right?’ ” and, (b) if so, was “ ‘the right ... clearly established ... in light of the specific context of the case’ ”? Scott v. Harris, 550 U.S. 372, 377, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007) (quoting Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Despite these holdings, under the approach utilized by the United States Court of Appeals for the Eleventh Circuit in Ray v. Foltz, 370 F.3d 1079 (11th Cir.2004), and accepted by the main opinion, the issue whether a state official has acted with “deliberate indifference,” rather than merely innocently or negligently, must somehow be spliced onto the immunity analysis.
The main opinion quotes the Harlow v. Fitzgerald standard as part of a longer passage from this Court’s opinion several years ago in Ex parte Alabama Department of Youth Services, 880 So.2d at 393, 402-03 (Ala.2003). 1 So.3d at 990. Without any predicate explanation of how, or even whether, the concept of “deliberate indifference” is properly part of the qualified-immunity analysis, the main opinion then states that,
“[i]n Ray v. Foltz, 370 F.3d 1079 (11th Cir.2004), the United States Court of Appeals for the Eleventh Circuit held that, to overcome qualified immunity, not only must the government official violate a clearly established statutory or constitutional right of the plaintiff, but the government official also must have acted with deliberate indifference to that right.”
1 So.3d at 990 (emphasis added). In this regard, the approach reflected in the main opinion seems little or no different than that in Ray v. Foltz itself.[9] As a result, and because the arguments of both parties in this case are based on this approach, I accept this approach for purposes of the present case. On that basis, I concur in *996 the result reached by the main opinion as to Nash.
I also concur in the result reached by the main opinion as to the Madison County Board of Education.

. In Ray v. Foltz, the Court of Appeals for the Eleventh Circuit quoted the "clearly established constitutional right” standard from Harlow v. Fitzgerald and concluded that the constitutional right violated in that case was a clearly established one. The opinion then moved to the issue of "deliberate indifference" (which, if not for the manner in which it is discussed in Ray v. Foltz and some other cases, I would have assumed was simply a substantive, scienter element of the underlying constitutional^ 1983 action), without explaining how that concept relates to the above-stated elements of the qualified-immunity defense. Nevertheless, the manner in which the court organized its opinion does suggest that the issue of deliberate indifference is to be considered in the context of a qualified-immunity analysis. 370 F.3d at 1081-85 (Part II).
Ray v. Foltz relied heavily upon the discussion of deliberate indifference in Taylor v. Ledbetter, 818 F.2d 791 (11th Cir.1987) (en banc). The discussion in Taylor, however, does not appear to be anything more than a discussion of an element of the underlying cause of action. I also note that in Williams v. Board of Regents of University System of Georgia, 477 F.3d 1282, 1300 (11th Cir.2007), a case, like the present case, involving supervisor liability, the Court of Appeals for the Eleventh Circuit discusses the deliberate-indifference standard as a substantive element of the causes of action under Title IX and § 1983. 477 F.3d at 1295-97 (Part II.B.3). The opinion in Williams makes no reference to the concept of deliberate indifference in its separate discussion of qualified immunity. As to that issue, the opinion focuses solely on whether the defendant was "executing a discretionary responsibility” and, if so, whether the right of the plaintiff that was violated was a " ‘clearly established statutory or constitutional right[] of which a reasonable person would have known,' ” consistent with the above-discussed United States Supreme Court cases. 477 F.3d at 1300-02 (Part III.B and III.C) (quoting Courson v. McMillian, 939 F.2d 1479, 1486 (11th Cir.1991)). Compare Saucier v. Katz, supra.